### SWAFFORD v. TEMPLETON et al.

(Circuit Court, E. D. Tennessee, S. D. April 30, 1901.)

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

Where the declaration in an action for illegally denying to plaintiff the right to vote at a national election shows that the sole ground of defendants' action was the refusal of plaintiff to comply with a state law, which is admittedly valid, and applies alike to all voters within the districts where it is in force, but which was extended to the district in which plaintiff resided by an act which he claims is in conflict with the state constitution and void, it affirmatively appears from such declaration that the case involves no federal question which can give a court of the United States jurisdiction.[1]

---

[1] Jurisdiction in cases involving federal questions, see Bailey v. Mosher, 11 C. C. A. 309; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

Action at Law.   On demurrer to declaration.

Burkett, Miller & Mansfield, for plaintiff.
Templeton & Carlock and A. P. Haggard, for defendants.

CLARK, District Judge.   The demurrer in this case does not raise what it seems to me is the most serious objection to the suit, namely, the question of jurisdiction. The demurrer may possibly be construed as presenting that issue, but it is doubtful. The plaintiff does not content himself with the averment that he was wrongfully and maliciously or illegally deprived of the right to vote in a national election, accompanied with the further averment that he was qualified to vote under the constitution and laws of the United States and of the state of Tennessee, so as to bring the case within the ruling in Wiley v. Sinkler, 179 U. S. 61, 21 Sup. Ct. 17, 45 L. Ed. 84.   On the contrary, the declaration goes further than this, and avers specifically, and throughout impliedly shows, that the plaintiff was denied no right secured to him under the constitution and laws of the United States, but, on the contrary, avers that his right to vote was fully acknowledged, provided he would comply with the statute of the state called the "Dortch Law," which regulates the exercise of the elective franchise in this state.   It is distinctly averred, and is plainly evident, that plaintiff was denied the right to vote because he expressly refused to comply with this statute of the state called the "Dortch Law," upon the ground that an act of the general assembly (chapter 163, Act 1899), extending the Dortch law to the district of plaintiff's residence, is unconstitutional as applied to the district in, and the precinct at, which the plaintiff was attempting to vote.   The action in no wise depends upon the theory or proposition that the Dortch law in its general application is unconstitutional.   On the contrary, the constitutionality of the act has been declared by the supreme court of the state (Cook v. State, 90 Tenn. 408, 16 S. W. 471), and such a conclusion is accepted by the courts of the United States (Mason v. Missouri, 179 U. S. 328, 21 Sup. Ct. 125, 45 L. Ed. 214).

The plaintiff's suit proceeds distinctly upon the grounds:   First, that he was denied the right to vote because of a failure to comply with the Dortch law; and, second, that the special act of the legislature (chapter 163, Act 1899), extending the Dortch law to the district of which the plaintiff is a citizen, is unconstitutional.   The alleged invalidity of the act is based upon its supposed conflict with the constitution of the state, and not with the federal constitution.   The special statute extending the Dortch law to the district of which plaintiff is a citizen is not only not alleged to infringe any provision of the constitution of the United States, but it is perfectly obvious that the statute is valid so far as any provision of the federal constitution is concerned.   The statute of the state makes no discrimination against the plaintiff on account of the attempt to exercise any federal right whatever, nor did the registration commissioners discriminate against the plaintiff, or undertake, directly or indirectly, to deny or invade any federal right or immunity.   In regard to the exercise of the elective franchise, the plaintiff stood exactly on an equal footing with

every other citizen of his district, and, if plaintiff's action can be successfully prosecuted, it is not because of any rights secured to him by the constitution of the United States, but on account of rights secured to him by the constitution of the state, namely, protection against special or class legislation.

As the declaration sets out specifically and fully the issue, and the only issue, involved in the case, and on which the action proceeds, it clearly appears that there is no federal question, and that this court is without jurisdiction. The action must be one which really and substantially involves a federal question before the court may entertain jurisdiction of a case which must turn on a question which is clearly nonfederal in its nature. The suit is accordingly dismissed, with costs. The demurrer, construed as raising this issue, is well taken; but it is so doubtful whether it presents the question on which the suit is dismissed that I desire the entry to show that the suit is dismissed upon the demurrer as well as by the court of its own motion. From this ruling the writ of error must be prosecuted direct to the supreme court of the United States, as the dismissal is on the sole ground that there is no federal question involved, and the court is therefore without jurisdiction.