### In re OLDSTEIN.

(District Court, D. Oregon. October 17, 1910.)

No. 1,632.

BANKRUPTCY (§ 14*)—ADJUDICATION—JURISDICTION—DOMICILE.

The bankrupt act (Act July 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) confers jurisdiction on District Courts to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile, within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. The bankrupt established his domicile within the district some time in May, 1910. He continued to reside there until August 2d, when, being heavily involved, and his property having been attached, he absconded and has not been since heard from. His wife and family continued to reside within the district, and on August 17th an involuntary petition in bankruptcy was filed against him. *Held*, that under the rule that a domicile once acquired is presumed to continue until it is shown to have been changed, there being no evidence of an intent to change the domicile, by objecting creditors, the bankrupt had acquired a domicile within the district for the greater portion of six months at the time of the filing of the petition, and the court therefore had jurisdiction to declare him a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 14.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of bankruptcy of Samuel Oldstein, on objections to the jurisdiction of the court. Overruled.

Phillip Herz, for petitioners.
Roswell Conner, opposed.

BEAN, District Judge. Involuntary petition in bankruptcy filed August 17, 1910, and resisted by certain creditors of the bankrupt on the ground that the court has no jurisdiction because the debtor had neither residence, domicile or place of business within this district for the greater portion of six months prior to the filing of the petition. The facts are that for some years prior to April, 1909, the bankrupt resided with his family in this state. About that time they moved to the state of Washington, and the bankrupt engaged in business at Hanford in that state. He continued in business there until about the 1st of May, when he concluded to return to Oregon and engage in business here. He thereupon broke up housekeeping, and his wife and child came to Oregon on the 27th day of April to visit her parents at Oregon City. The bankrupt remained at Hanford to dispose of his household furniture and pack and ship his merchandise to Portland. The goods were shipped on May 3d, and reached Portland on the 6th. The bankrupt came to Oregon about the 3d of May and remained with his wife's parents at Oregon City until the 13th, when he concluded to go into business at Sheridan. He thereupon rented a store building at that place, shipped his goods from Portland, and on the 21st of that month opened his store for business. His wife remained with her parents until the 23d of May, when she went to Sheridan, where she and her husband continued to reside until the 2d of August, when he, being heavily involved, and his property having been previously attached, absconded and has not been heard of since, and his present whereabouts are unknown.

The bankrupt act (Act July 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) confers jurisdiction upon the District Courts to "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof."

The evidence shows, and it is undisputed, that the bankrupt actually established a domicile in this district some time in May, 1910, the date of which it is not necessary to determine accurately. The domicile thus established is presumed to have continued down to the filing of the petition notwithstanding his absconding on August 2d. He was residing here at the time with his wife and family. They still remained in the state, and his domicile is presumed to continue here until an intent on his part to change and acquire a residence elsewhere is shown. A domicile once acquired is presumed to continue until it is shown to have been changed, and, where a change of domicile is alleged, the burden of proving it rests upon the person making the allegation. In re Filer, 108 Fed. 209. There was no evidence offered by the objecting creditors to overcome this presumption or indicate any intent on the part of the bankrupt to change his domicile from this district or acquire one elsewhere. All the evidence shows is that he surreptitiously left the town of Sheridan and his family have not heard from him since. For aught that appears, he may still be in the

state or intend to return to his family as soon as his financial difficulties are adjusted.

I am of the opinion, therefore, that the court has jurisdiction, and an order of adjudication will be entered as prayed for in the petition.